UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Perseke,                                          Civ. No. 19-1296 (PAM/DTS)

          Plaintiff,

v.                                                                  **MEMORANDUM AND ORDER**

Kevin Moser, Peter Puffer,
Sue Johnson, Jordan Goodman,
Amanda Fury, Leann Bergman,
Nathan Johnson, Tammy
Dockal, and Kristi Wagner,

          Defendants.

---

This matter is before the Court on Plaintiff's Motion to Stay. Plaintiff contends that some of the issues the Eighth Circuit Court of Appeals recently remanded to another Judge in this District are the same as his claims here. See Karsjens v. Lourey, 988 F.3d 1047 (8th Cir. 2021). He asks that this matter be stayed pending resolution of those issues.

Plaintiff is civilly committed to the Minnesota Sex Offender Program ("MSOP"). He brought this lawsuit asserting that Defendants, who are employees of MSOP or state officials overseeing MSOP, violated his procedural due-process rights under the Fourteenth Amendment, and his right to be free from seizures under the Fourth Amendment. Plaintiff's claims arise out of the seizure of items from his room that, according to Plaintiff, MSOP had allowed him to purchase but later deemed contraband. Plaintiff asserts that the alleged unlawful seizures were accomplished both without

predeprivation process and "as a punishment" and were thus unconstitutional.  (Compl. (Docket No. 1) at 6.)   However, the Court has dismissed the substantive-due-process component of Plaintiff's claims (Docket No. 33), leaving only a claim that the deprivation of Plaintiff's property without first providing notice and an opportunity to be heard was a violation of his procedural due-process rights.

The Karsjens plaintiffs, representing a class of MSOP detainees, raise a similar claim:  they assert that their property was seized and destroyed before any hearing could take place on the appropriateness of the seizure, and that such seizure was "tantamount to punishment," rendering the conditions of their confinement unconstitutional.  Karsjens, 988 F.3d at 1050, 1051.  Notably, however, the deprivation-of-property claim in Karsjens arises under substantive due process.  See Karsjens v. Piper, 336 F. Supp. 3d 974, 980 (D. Minn. 2018) (Frank, J.) (discussing "the remaining substantive due process claims" including Count V, which asserted that the deprivation of property was improper punishment).  The Court of Appeals' remand set forth the standard for the District Judge to use when evaluating the substantive-due-process claim and did not purport to address any claim for procedural due process violations.  See Karsjens, 988 F.3d at 1052 (determining that appropriate standard of review is whether the challenged action is "rationally related to a legitimate governmental objective or [whether] it is excessive in relation to that purpose") (quoting Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015)).

In evaluating a claim for a violation of procedural due process, on the other hand, the Court "first ask[s] whether there exists a liberty or property interest of which a person has been deprived, and if so . . . whether the procedures followed by the State were

constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Court need not, and indeed does not, inquire as to the state actor's purpose or objective; rather, the focus is on the interest involved and the procedures that were or were not provided before Plaintiff was deprived of that interest.

Because Plaintiff's remaining claims are categorically different from the remaining claims in Karsjens, any decision in that matter will not "create chaos amongst the Judges in this Judicial District," as Plaintiff believes. (Docket No. 49 at 3.) A stay is therefore not warranted.

Accordingly, **IT IS HEREBY ORDERED that** the Motion to Stay (Docket No. 49) is **DENIED**.

Dated:   April 14, 2021

                                           *s/Paul A. Magnuson*
                                           Paul A. Magnuson
                                           United States District Court Judge