UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Perseke, | Civ. No. 19-1296 (PAM/DTS) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Kevin Moser, Peter Puffer, Sue Johnson, Jordan Goodman, Amanda Fury, Leann Bergman, Nathan Johnson, Tammy Dockal, and Kristi Wagner, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Summary Judgment. For the following reasons, the Motion is granted.

**BACKGROUND**

Plaintiff Michael Perseke is civilly committed to the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. His Complaint alleges that Defendants, who are employees of MSOP or state officials overseeing MSOP, violated his procedural due-process rights under the Fourteenth Amendment and his right to be free from unreasonable seizures under the Fourth Amendment. Perseke's claims arise out of the seizure of items from his room that, according to him, MSOP had allowed him to purchase but later deemed contraband. These allegedly unlawful seizures occurred on

three separate occasions.[1]

The first, in November 2018, involved items that Perseke was not allowed to possess in the first instance—such as a water cup, a broken hanger, and a handmade shelf—and items for which the facility's identification bar-code sticker[2] had either been removed or had been affixed to the wrong item, such as a fan, a lamp, an alarm clock, and a remote control. (See Compl. (Docket No. 1) ¶¶ 17-18; Moonen Decl. Ex. 7 (Docket No. 66-6).) Other items were removed as suspected contraband, including a hot pot, a boom box, a radio, a television, and two other remote controls. The record reflects that MSOP returned many of the items referenced in the Complaint several days later. (Moonen Decl. Ex. 16 (Docket No. 67-15).) MSOP issued Perseke a Behavior Expectations Report ("BER") for the possession of several other items. (Id. Ex. 8 (Docket No. 67-7).)

After a hearing, the facility placed Perseke on a durable goods restriction that prevented him from ordering or possessing a lamp, fan, battery charger, or clock for one year. (Id. Ex. 12 (Docket No. 67-11).) Perseke appealed the hearing's findings through MSOP's administrative procedures but his appeal was denied on December 5, 2018. (Id. Ex. 14 (Docket No. 67-13).) MSOP policy provides not only for an administrative appeal

---

[1] Perseke was issued a violation notice in September 2018 for transferring property to another resident without authorization. (Perseke Dep. (Docket No. 64-1) at 17-18.) This violation does not appear to be part of his claims here.

[2] MSOP policy provides that all "durable goods" must have a bar code attached for identification purposes, and to preclude residents from selling property to one another. (Moonen Decl. Ex. 33 at 3.) Property with tampered bar codes is deemed contraband and residents in possession of such property are subject to a durable goods restriction. (Id. Exs. 34 at 5-6; 35 at 5-6.)

2

procedure for claims related to contraband property, but also allows a resident to mail the property out of the facility, find someone outside the facility to pick it up, or dispose of the property himself. (Id. Ex. 35 (Docket No. 66-2) at ¶¶ B.6; B.4.) MSOP disposes of contraband that residents do not dispose of in 30 days. (Id. ¶ B.5.) The 30-day period is ostensibly not tolled for any administrative appeals (id. ¶ B.6.b), but MSOP did not dispose of the property it deemed contraband until February 4, 2019, two months after the appeal decision issued. (Id. Ex. 16 (Docket No. 67-15).)

In December 2018, MSOP again confiscated items from Perseke's room, including notepads, post-it notes, and a creamer cup containing an unknown substance. (Id. Exs. 18, 20, 21, 23, 24 (Docket Nos. 67-17, 67-19, 67-20, 67-22, 67-23).) Perseke did not object to or otherwise appeal this seizure, and MSOP disposed of the items in accordance with its policy. (Id. Ex. 24 (Docket No. 67-23).)

Finally, in April 2019, MSOP found a clock in Perseke's room, in violation of his durable goods restriction. (Id. Ex. 25 (Docket No. 67-24).) MSOP then placed Perseke on a three-year durable goods restriction. (Id. Ex. 30 (Docket No. 67-29).) Although Perseke claims to have appealed this restriction, there is no evidence in the record to substantiate this claim. As with the previous items, because Perseke did not provide for the clock's disposal, MSOP disposed of it in accordance with its policies. (Id. Ex. 31 (Docket No. 67-30).)

Perseke asserts that these seizures were accomplished without predeprivation process and "as a punishment" and were thus unconstitutional. (Compl. at 6.) The Court dismissed the substantive-due-process component of Perseke's due-process claims

3

(Docket No. 33), leaving only a claim that the deprivation of his property without first providing notice and an opportunity to be heard was a violation of his procedural due-process rights.

Defendants now seek summary judgment on all remaining claims: Counts 1 and 2, which assert that Defendant's seizure of the property amounted to a violation of Perseke's procedural due-process rights and of the Fourth Amendment's proscription against unreasonable seizures, and Count 3, which alleges that Defendants forced Perseke to dispose of the seized property, again in violation of his procedural due-process rights. Defendants argue that there are no genuine issues of material fact to be resolved, and that the facts in the record demonstrate that Defendants are entitled to judgment as a matter of law. Defendants also contend that there is no evidence of two Defendants' personal involvement, mandating their dismissal, and that all Defendants are entitled to qualified immunity even if Perseke has sufficiently established a violation of his rights.

**DISCUSSION**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party." Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Defendants are entitled to qualified immunity on Perseke's claims unless he can establish both a violation of his constitutional rights and that the right asserted was clearly established at the time of the alleged violation. Pearson v. Callahan, 555 U.S. 223, 232, 236 (2009). Perseke's claims do not make out a violation of any constitutional right, and thus the Court need not determine whether the rights on which he relies were clearly established. See id. at 236.

**A.**     **Fourth Amendment**

The Fourth Amendment protects individuals, including civilly committed persons such as Perseke, from unreasonable seizures. Bell v. Wolfish, 441 U.S. 520, 558 (1979). "To determine the constitutionality of a seizure [the Court] must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (internal quotation and brackets omitted). In the context of a seizure of property from a resident of MSOP, the Court must balance "the nature of the intrusion against the need for institutional security." Beaulieu v. Ludeman, 690 F.3d 1017, 1035 (8th Cir. 2012).

MSOP has offered legitimate justifications for its policies on property. Among other justifications, the bar-code stickers allow the facility to identify property and ensure that residents do not sell or trade property with one another, promoting institutional security and MSOP's therapeutic goals. Perseke does not appear to take issue with these proffered justifications, although he believes that the policies are a ruse to allow MSOP to punish residents arbitrarily. However, in the absence of any evidence that the

5

justifications are in fact false, the Court must defer to MSOP's judgment in this regard. See Karsjens v. Piper, 336 F. Supp. 3d 974, 996 (D. Minn. 2018). Perseke has not established that the seizures of property were unreasonable under the Fourth Amendment and Count 2 of the Complaint therefore fails.

**B.     Procedural Due Process**

To determine whether the deprivation of property violates an individual's due-process rights, the Court must determine "whether the procedures followed by the State were constitutionally sufficient." Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Court need not, and indeed does not, evaluate the governmental actor's purpose or objective; rather, the focus is on the interest involved and the procedures that were or were not provided before the plaintiff was deprived of that interest.

As an initial matter, Perseke has no constitutionally protected interest in possessing property that MSOP policies do not allow him to possess. See Lyon v. Farrier, 730 F.2d 525, 527 (8th Cir. 1984) (detainee has no protected property interest in property he was not allowed to possess). Nor was he deprived of his property in a constitutional sense: the property was removed from his room, but he could have arranged for its disposition outside the facility and maintained ownership of it.

Even if he did have a protected property interest and even if the confiscation constituted a deprivation of the property, however, his contention that MSOP is required to give him predeprivation, rather than post-deprivation, process is incorrect. Because MSOP does not immediately destroy confiscated items but rather holds those goods and allows residents an opportunity to challenge the items' seizure, there is no violation of

due process. See, e.g., Hudson v. Palmer, 468 U.S. 517, 536 (1984) (no violation of due process when prisoner's property was destroyed during random cell search, as state provided adequate postdeprivation remedy); see also Logan v. Zimmerman Brush Co., 455 U.S. 422, 436-37 (1982) (holding that predeprivation hearing is required before person is finally deprived of his property pursuant to established state procedure rather than random action).

Perseke's opposition memorandum (Docket No. 73) makes clear that he believes his due-process rights were violated because MSOP policy allows the facility to dispose of property in 30 days, whether or not there is an appeal of the property's seizure pending. Perseke argues that the facility's administrative appeal procedure takes longer than 30 days. As noted, however, in this case MSOP did not dispose of any property until after Perseke's appeal of the November seizure was resolved. (Moonen Decl. Ex. 16 (noting property disposed of in February 2019).) Perseke did not appeal either the December or April seizures. And there is no evidence that MSOP disposed of any other residents' property during the pendency of an appeal regarding the property's seizure. MSOP's disposition of the property it seized from Perseke comported with due process.

Due process requires notice and an opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Perseke received notice of the property seized and the reason for the seizures. He does not dispute that he had the opportunity to challenge the seizures administratively before the property was disposed of. That his appeal of the November seizure was unsuccessful does not mean MSOP violated his due-process rights. Due process requires a meaningful opportunity to challenge the deprivation, not ultimate

success on the challenge. Perseke has not established a violation of his constitutional rights.

C. **Individual liability**

Liability under § 1983 depends on the individual state actor's direct involvement in the alleged constitutional violation. Ripson v. Alles, 21 F.3d 805, 808-09 (8th Cir. 1994). According to Defendants, there is no evidence that two Defendants, Peter Puffer and Sue Johnson, had any involvement in the alleged deprivations. Puffer is the clinical director at the MSOP facility and Johnson is the executive director of the facility. Perseke does not respond to this argument, and thus appears to have waived it. But even if he had responded to it, there is no allegation or evidence that these Defendants in any way personally participated in the violations he alleged. Thus, even if his constitutional claims survived, these Defendants must be dismissed from this action.

**CONCLUSION**

There are no genuine issues of material facts to be resolved here. Defendants are entitled to judgment as a matter of law on all of Perseke's claims. Accordingly, **IT IS HEREBY ORDERED that** the Motion for Summary Judgment (Docket No. 61) is **GRANTED** and the Complaint is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  Monday, August 23, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

8